## JOHN MINK v. ARCHY MORRISON.

*Account stated—Settlement by agent.*

One who sues on an account stated can only recover on proof of a settlement made with defendant or his authorized agent, or, if made by an unauthorized person, on proof of defendant's ratification thereof with a full knowledge of the facts.

Where an authorized agent settles an account and gives an order on third parties, acceptances and payment by them binds the party liable on the account; but if it was not authorized and was not made with a view of enabling the creditor to get his pay or a promise to pay from the debtor, he is not bound by it.

Error to Huron. Submitted Jan. 15. Decided Jan. 23.

ASSUMPSIT. Plaintiff brings error.

*Geo. S. Engle* and *J. C. Shields* for plaintiff in error.

*James H. Hall, Winsor & Snover* and *H. B. Carpenter* for defendant in error cited to the point that the action could not be sustained as on an account stated, *Stevens v. Tuller,* 4 Mich., 387; *Gooding v. Hingston,* 20 Mich., 441.

MARSTON, C. J. This action was brought upon an account stated, claimed to have been received by the plaintiff upon a settlement made with the agent of defendant for work and labor performed.

The authority of the agent was denied, and upon this subject evidence was introduced by both parties, and the question fairly submitted to the jury, who were instructed to find for the plaintiff, if satisfied that authority was given to settle such accounts, or the defendant afterwards, having knowledge of the fact that such a settlement was made, ratified it.

It is urged that the court erred in giving the fifth subdivision of his charge to the jury and thereby under the evidence virtually took the case from them.

We do not think so. The court had just charged the

jury that in case they found a settlement was made and a balance struck by any person authorized by the defendant, the plaintiff would be entitled to recover, and the effect of this instruction, it is very evident, the court did not intend, in what was subsequently said, to destroy.

The portion complained of was upon the assumption that no settlement had been made with a view of binding the defendant thereby, and if such were found to be the fact, then defendant could not be held liable under such a settlement unless he afterwards ratified such settlement by a promise to pay the amount specified. When this so-called settlement was made, a written order was given, not upon the defendant, but upon Hubbard & Co. If the object of this settlement was so that plaintiff might present this order to Hubbard & Co., and receive the amount thereof from them, "and not with a view of getting his pay or a promise to pay" from defendant, the latter could not be bound thereby. If defendant's son had authority to make settlements and give such orders on Hubbard & Co., acceptance and payment thereof by them would, in their settlement with defendant, have been binding upon him. View the case as we may, the result must be that plaintiff, having sued upon an account stated, could only recover by proving a settlement with defendant or his authorized agent; or if not authorized, then a ratification of the settlement made after full knowledge of the facts.

The judgment must be affirmed with costs.

The other Justices concurred.